NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 4, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-2509

| | |
|---|---|
| CALVETTE BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 16 C 6295 |
| ILLINOIS DEPARTMENT OF HUMAN | |
| SERVICES, | Virginia M. Kendall, |
|     *Defendant-Appellee.* | *Judge.* |

## O R D E R

Calvette Brown, who is visually impaired, appeals the dismissal of her suit against the Illinois Department of Human Services. She contends that the Department violated federal employment-discrimination laws and denied her due process by ending a temporary agreement that had allowed her to operate vending facilities at a post office. Because Brown cannot sue a state agency under 42 U.S.C. § 1983 and was not an employee of the Department, we affirm the judgment of the district court.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Brown participated in the Business Enterprise Program for the Blind. The program, a venture between the federal government and the states, provides self-employment and educational opportunities for blind people. *See* 20 U.S.C. § 107. The Illinois Department of Human Services administers the program and offers participants (called vendors) opportunities to run cafeterias and stock vending machines in government buildings. A selection committee from the Department assesses applicants who "bid" to run available facilities. 89 ILL. ADMIN. CODE § 650.90. Vendors can contest the committee's decisions, first through the state agency's hearing process and then through arbitration before the United States Department of Education. 20 U.S.C. § 107d-1(a), § 107d-2; 34 C.F.R. § 395.13. Arbitral awards are subject to review as a final agency action under the Administrative Procedure Act. 20 U.S.C. § 107d-2(a); 5 U.S.C. § 706.

Brown bid to manage all of the vending services at the post office in Palatine, Illinois in 2008. During the bidding process, she managed half of the vending services at that location under a temporary agreement with the Department. After the bid interviews, Brown was the highest scoring applicant and received a contract to operate the whole facility. But another bidder, Marco Gianotti, filed a grievance about the bidding process, saying that one of the committee members was biased against him. The Department agreed with him and decided to re-bid the facility. Brown grieved that decision. The Department said the Brown could continue to manage half of the post office location under her temporary agreement while the grievance was pending.

A second round of bidding occurred, but Brown lost this time. The Department awarded the vending license to Gianotti. Brown amended her still-pending grievance against the Department. She asserted that the members of the second committee were biased against her and that the committee lacked the vocational rehabilitation counselor required by state regulations, 89 ILL. ADMIN. CODE § 650.90(c). A hearing officer denied some of Brown's grievances and, because others were not ripe, let those remain pending. An arbitration panel affirmed the officer's decision in October 2010.

Two years after the arbitration panel denied Brown relief, the Department ended Brown's temporary agreement to operate at the Palatine facility. Brown grieved that termination and argued again that the Department should not have held a second round of bidding. In March 2014, after a hearing officer ruled against her, Brown requested arbitration. This time, the arbitration panel issued a favorable decision for her. Two of the three arbitrators found that the second bidding process was not

impartial. They also ruled that the Department should not have cancelled her temporary agreement while she had pending grievances. The arbitrators ordered a third round of bidding, but did not award her damages for the income she lost after the Department ended her temporary agreement.

Brown did not participate in the third round of bidding; instead she filed this short-lived employment-discrimination suit against the Illinois Department of Human Services. She accused the Department of violating the Equal Pay Act, 29 U.S.C. § 206(d), the Americans with Disabilities Act, 42 U.S.C. § 12101, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), denying her right to due process, and breaching her contract. She also challenged as inadequate the arbitral award that followed her challenge to the rescission of her temporary agreement to operate part of the Palatine facility. The judge dismissed her complaint for lack of standing, citing her failure to participate in the third round of bidding. The court alternatively ruled that she did not state a claim against the Department under any of the federal employment-discrimination statutes that she relied on because she did not allege that she was an employee. And her constitutional claim for denial of due process failed because state agencies are not suable persons under 42 U.S.C. § 1983. The court then exercised its discretion to dismiss the supplemental state-law claim for breach of contract. (The judge did not address Brown's contention that the arbitral award was inadequate. But Brown does not develop on appeal any claim under the Administrative Procedures Act that the award was arbitrary, so we need not discuss that claim further.)

We begin by assessing whether Brown has standing to sue and conclude that she does. The Department argues that Brown cannot show an injury from the third round of bidding because she did not participate in it, and therefore she lacks Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). But the Department mistakenly assumes that Brown is challenging only the third round of bidding. Brown also challenges as unlawful the Department's decisions to end her temporary agreement and prevent her from operating the Palatine facility. She contends that these decisions violated employment-discrimination laws, diminished her income, and caused her other injuries. These redressable injuries arise from the allegedly unlawful termination of her temporary contract and thus supply standing to sue. *See id.*

But standing to sue is as far as Brown gets. Brown does not allege that she was an employee or prospective employee of the Department. An employment relationship is required under each of the familiar anti-discrimination statutes that she invokes for

employment discrimination. *See Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 769 F.3d 944, 951 (7th Cir. 2014) (requiring employment relationship to state claim under ADA and Title VII); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) (same for Equal Pay Act). Brown responds that she is an employee because the introductory text of the relevant statute discusses providing "employment" to people who are blind, *see* 20 U.S.C. § 107(a). But Brown is not employed by the Department; she is self-employed. The service agreement that she relies upon to state her claim expressly describes the vendors as "self-employed." *See also Del. Dep't of Health & Soc. Servs.*, 772 F.2d 1123, 1127 (3d Cir. 1985) (vendors are "third party beneficiaries of agreements between the participating states and the federal government"). Because the Department did not employ her, Brown failed to state a claim that the Department violated these federal anti-discrimination laws.

The same conclusion is true for Brown's claim under Title IX. We construe that claim, like her others, as one of employment discrimination because she contends only that that the Department prevented her from "progressing financially" based on her sex. But Brown has not argued, as she must to move forward on this claim, that the blind-vendor program is covered under Title IX, *see* 20 U.S.C. §§ 1681, 1687. She must also persuade us to overturn our precedent that all employment-discrimination claims must be brought under Title VII. *See Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857 (7th Cir. 1996), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009). Again she has not attempted this. But these impediments to the side, Brown cannot maintain a claim for employment discrimination under Title IX for the same reason her other claims fail—because she is not an employee of the Department.

Brown's due-process claim is also meritless. Brown can sue persons for constitutional violations under 42 U.S.C. § 1983, but state agencies are not "persons" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore she cannot bring a § 1983 claim against the only defendant, the Illinois Department of Human Services. *See id.*

We have considered Brown's remaining arguments, and none has merit. The judgment is AFFIRMED.